IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIREYA ARRINGTON & § | | |
| ISABEL WESLEY § | | |
| § | | |
| V. § | | A-14-CV-1086-LY |
| § | | |
| EVERETT FINANCIAL, INC. D/B/A § | | |
| SUPREME LENDING § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are:  Defendant's Opposed Motion to Transfer under 28 U.S.C. § 1404(a) and Brief in Support, filed on February 9, 2015 (Dkt. No. 8); Plaintiff's Response in Opposition to Defendant's Motion to Transfer Venue, filed on February 17, 2015 (Dkt. No. 10); and Defendant's Reply in Support of its Motion to Transfer under 28 U.S.C. § 1404(a), filed on February 24, 2015 (Dkt. No. 12).  The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Mireya Arrington and Isabel Wesley ("Plaintiffs") are former employees of Everett Financial, Inc. d/b/a Supreme Lending a mortgage banker with corporate headquarters in Dallas, Texas. Plaintiffs worked at a branch located in Austin, Texas, before they were terminated in July 2014. On December 9, 2014, Plaintiffs filed the instant lawsuit alleging that Defendant failed to pay them overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

Defendant moves to transfer venue under 28 U.S.C. § 1404(a), arguing that this case should be transferred to the United States District Court for the Northern District of Texas, Dallas Division, based on a forum-selection clause contained in the Plaintiffs' Confidentiality and Non-Solicitation Agreements.

## II. ANALYSIS

A forum-selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, — U.S.—, 134 S.Ct. 568, 579 (2013). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or *to any district or division to which all parties have consented*." 28 U.S.C. § 1404(a) (emphasis added). Thus, § 1404(a) permits transfer to any district where venue is also proper "or to any other district to which the parties have agreed by contract or stipulation." *Atlantic Marine*, 134 S.Ct. at 579. The United States Supreme Court has recently clarified that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id*. at 579 (internal citations and quotations omitted).

"Federal law applies to determine the enforceability of forum-selection clauses in both diversity and federal question cases." *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). "In examining forum-selection clauses, courts must examine the language of the clause and determine whether or not the forum-selection clause evidences an intent of the parties to limit the scope of jurisdiction or venue to a particular forum, or whether an ambiguity exists." *Shawn Massey Farm Equip., Inc. V. Claas of America, Inc.,* 2012 WL 7004153 at * 3 (E.D. Tex. Dec. 19, 2012). Where a forum-selection clause contains clear language requiring all litigation to be conducted in a specified forum, it is considered mandatory. *UNC Lear Services,*

2

*Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009), *cert. denied*, 559 U.S. 971(2010). For a forum-selection clause to be considered mandatory "it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)*, cert. denied*, 543 U.S. 1187 (2005). In contrast, "permissive forum-selection clauses allow but do not require litigation in a designated forum." *Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Parish ex rel. Jefferson*, 594 F. App'x 820, 821 (5th Cir. 2014). Unlike mandatory forum-selection clauses, courts do not have to transfer or dismiss cases involving permissive clauses. *Id.*

Shortly after they began working for Supreme Lending, Plaintiffs executed Confidentiality and Non-Solicitation Agreements containing the following forum-selection clause:

> Exclusive venue for any litigation between the parties hereto shall be in Dallas, Texas, and shall be brought in the State Courts of Dallas, Texas. The parties hereto waive any challenge to personal jurisdiction or venue (including without limitation a challenge based on inconvenience) in Dallas, Texas, and specifically consent to the jurisdiction of the State District Courts of Dallas and the United States District Court for Dallas, Texas.

Exh. B to Dkt. No. 8 at ¶ 14. Supreme Lending argues that this is a valid clause and requires transfer of the case to the U.S. District Court in Dallas. Plaintiffs disagree, and contend that the clause states that the exclusive venue for the suit is in the state court in Dallas. They argue that to the extent that the second sentence of the clause has any impact on this, it at best creates an ambiguity, as it is inconsistent with the statement that *exclusive* jurisdiction would be in the state courts of Dallas.

Although the language of the clause is imperfect, it is in fact a valid forum-selection clause that clearly specifies Dallas, Texas as the exclusive venue for "any litigation between the parties." Notably, Plaintiffs do not dispute that they voluntarily agreed to a mandatory forum-selection clause

3

requiring litigation to be conducted in Dallas, Texas. *See* Dkt. No. 10 at p. 1.[1] Plaintiffs' construction of the clause as requiring suit only in state court is flawed, as it would require the reader to completely ignore the second sentence of the agreement. "Each provision of a contract is to be given its reasonable, natural, and probable meaning when considered in relation to the whole." *Hennigan v. Chargers Football Co.*, 431 F.2d 308, 314-15 (5th Cir. 1970). Reading the entire clause, the Parties agreed that, *first*, the exclusive venue of any litigation between them would be "in Dallas, Texas," *second*, that any suit between them would be "brought in the State Courts of Dallas, Texas," and *third*, that they each consented to venue and jurisdiction in both the state and federal courts of Dallas, and waived any challenge to those venues. In short, it would appear that the Plaintiffs violated the second clause of the agreement by bringing suit in the federal courts of Austin, instead of the state courts of Dallas. But nothing in the language of the clause—when read as a whole—prevents the Court from transferring the case to the agreed-upon exclusive forum of Dallas, and, more specifically, to a federal court in Dallas, a court in which the Plaintiffs have explicitly consented to litigate. This conclusion is consistent with a large body of Fifth Circuit decisions enforcing forum selection clauses.[2]

---

[1] Plaintiffs' attorney was apparently not aware of the forum-selection clause before filing this lawsuit in this district. *See* Dkt. No. 10 n. 1.

[2] *See, e.g., M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 20 (1972) (forum-selection clause was "mandatory and all-encompassing" where it stated "[a]ny dispute arising must be treated before the London Court of Justice."); *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 319 (5th Cir. 2006) (forum-selection clause was mandatory, rather than permissive where clause provided for "the exclusive jurisdiction of the courts sitting in Kendall County, Texas."); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995) (forum-selection clause was mandatory that stated "[t]he legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas"); *McQuillan v. Norwegian Cruise Line*, 2014 WL 5305792, *5 (E.D. La. Oct. 14, 2014) ( forum-selection clause was mandatory where it provided that all claims must be filed "before the United States District Court for the Southern District of Florida in Miami, Florida, U.S.A . . . to

4

This interpretation is also consistent with the cases that have distinguished between clauses calling for exclusive venue *in* a state or city, versus those setting venue in the courts *of* a particular location. "Reference to the courts 'of' a specific state, and not 'in' that state, generally indicate that state court is prescribed." 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3803.1 (4th ed. 2013). Thus, in *Alliance Health*, the Fifth Circuit held that a clause stating that "venue shall occur *in* Harrison County" (as opposed to courts "*of* that county") included both state and federal courts and did not limit venue to only state courts. 553 F.3d at 400. In contrast, clauses setting venue in "the courts of Virginia" or the "Courts of Texas, U.S.A." were both found to set venue exclusively in the state courts of those locations. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003). Here, the operative clause with regard to exclusivity is the first clause of the first sentence: "[e]xclusive venue for any litigation between the parties hereto shall be *in* Dallas, Texas." This is consistent with the Court's reading of the clause—considering all of its language—as allowing suit in either state or federal court in Dallas.

The question then becomes, is transfer appropriate here under § 1404(a)? In a case without a forum selection clause, a court considering a § 1404(a) motion to transfer must evaluate both the convenience of the parties and the various public interest considerations and decide whether, on balance, "a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 134 S.Ct. at 581 (quoting § 1404(a)). "The calculus

---

the exclusion of the Courts of any other country, state, city or county where suit might otherwise be brought."); *Maley v. Design Benefits Plan, Inc.*, 125 F.Supp.2d 836, 838 (E.D. Tex. 2000) (forum selection clause was mandatory where it provided that "[v]enue for any action, suit or other proceeding, including non-contract disputes, shall be exclusively in Winnebago County, Illinois.").

5

changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988)). Because the enforcement of a valid forum selection clause "protects their legitimate expectations and furthers vital interests of the justice system," and "because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* As the Supreme Court explained:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 583. This means that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 581.

Thus, when parties have agreed to a valid forum-selection clause, as in the instant case, district courts must adjust the customary § 1404(a) analysis in three ways. *Id.* "First, the plaintiff's choice of forum merits no weight," and the plaintiff has the burden of showing that transfer to the designated forum is unwarranted. *Id.* Second, the court should not weigh the parties private interests, as the parties agreed to waive such concerns when they agreed to a forum. *Id.* at 582. "As a consequence, a district court may consider arguments about public-interest factors only," which means the "practical result is that forum-selection clauses should control except in unusual cases." *Id.* (internal citations omitted). Finally, when (like here) a party to a forum selection clause ignores

it and sues elsewhere, the case will "not carry with it the original venue's choice-of-law rules," as it ordinarily would. *Id.*.

Applying these principles here, the Court cannot give any weight to the Plaintiffs' choice of forum and must deem the private interest factors to weigh entirely in favor of transferring the case to Dallas. In determining whether "extraordinary circumstances" exist in this case to warrant denial of the transfer, the Court may only consider the traditional § 1404(a) public interest factors of (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* at 581 n.6. Plaintiffs bear the heavy burden of showing that the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 583. Given that Plaintiffs do not even argue that any of the public interest factors weigh against transfer, let alone do so overwhelmingly, they have failed to carry their burden. *Trevino v. Cooley Constructors, Inc.,* 2014 WL 2611823 at * 6 (W.D. Tex. June 9, 2014) (granting motion to transfer venue in forum selection clause case where plaintiffs failed to argue any of the public interest factors). Indeed, there are no public interest factors present that would demonstrate extraordinary circumstances justifying the Court not transferring this case to Dallas.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Opposed Motion to Transfer under 28 U.S.C. § 1404(a) (Dkt. No. 8), and **TRANSFER** this case to the United States District Court for the Northern District of Texas, Dallas Division.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of May, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE